Rogers v. USA, et al.                    CV-99-497-M   06/21/00

                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Douglas Rogers,
      Plaintiff


      v.                                    Civil No. 99-497-M (N.H.)
                                                     98-373T  (R.I.)
                                            Opinion No. 2000 DNH 141
The United States of America,
Cornell Corrections, LP,
Cornell Corrections, Inc.
City of Central Falls, Rhode Island,
Central Falls Detention Facility Corp.,
Victor Liburdi, William Chang, M.D.,
and Doe Defendants 1 through 7,
      Defendants


                            **O R D E R**


      On March 28, 1998, plaintiff, a pretrial detainee awaiting

trial on federal charges, slipped and fell on the floor of his

cell.  He brings this action seeking damages for injuries he

claims to have sustained in that accident and for the sub-

standard medical care he claims to have subsequently received.

Upon the recusal of the judges sitting in the United States

District Court for the District of Rhode Island, this court was

designated to hear the matter.

Plaintiff has sued various private and state actors (both named and unknown), as well as the federal government, saying that each played a role in causing his injuries. His complaint appears to set forth three federal claims. Against the United States, he brings a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. (count four). Against the state actors, his complaint sets forth claims under 42 U.S.C. § 1983, alleging that they were deliberately indifferent to his serious medical needs (count five). In count six, he seeks damages under the Americans with Disabilities Act, 42 U.S.C. § 12132, et seq., saying that defendants unlawfully discriminated and/or retaliated against him.

Finally, his complaint sets forth three state law claims (counts one through three), each of which is essentially a negligence claim and as to which he invokes the court's supplemental jurisdiction. See 28 U.S.C. § 1367. Pending before the court are motions to dismiss filed by the United States (document no. 14) and Cornell Corrections, L.P., Cornell

Corrections, Inc., Central Falls Detention Facility Corporation, and Victor Liburdi (document no. 7).

## Background

Viewed in the light most favorable to plaintiff, the material facts appear as follows. On March 28, 1998, plaintiff was a federal pretrial detainee at the Wyatt Detention Facility, in Central Falls, Rhode Island. He claims that the Wyatt Detention Facility is owned by the City of Central Falls and/or Central Falls Detention Facility Corporation ("CFDFC") and says that CFDFC is "an instrumentality and agency of the City of Central Falls." Amended complaint at para. 10. He also alleges that the United States Marshals Service has a contract with CFDFC for the housing of federal prisoners at Wyatt. Id., at para. 5. According to plaintiff, that contractual relationship (and the government's alleged breach of certain duties assumed under that contract) gives rise to his claim against the federal government.

Plaintiff says that Cornell Corrections, L.P., and Cornell Corrections, Inc. (collectively, the "Cornell Defendants") are for-profit entities that have contracts with the City and/or CFDFC for the operation and management of Wyatt. Id., at para. 6. Defendant Liburdi was the Director of Wyatt at all times material to plaintiff's complaint. Defendant Chang is a licensed physician and the medical director of Wyatt. Id., at paras. 7-8. Finally, plaintiff says that Doe Defendants One through Seven are (or were at all times relevant to this proceeding) employees of the Cornell Defendants. Id., at para. 9.

Plaintiff says that after the floor of his cell had been mopped (apparently by him), and while it was still wet, Doe Defendant One ordered him back into his cell. Plaintiff claims to have protested, noting that the floor was still slippery and saying he was afraid that he might fall (due, at least in part, to a pre-existing medical condition, which required that he walk with the assistance of a cane). Fearing punishment if he refused to comply with the order, plaintiff acquiesced and, upon entering

4

the cell, slipped, fell to the ground, struck his head, and may have lost consciousness.  Medical assistance was summoned. Plaintiff says that the care he subsequently received was sub-standard and complains that the responding staff members (including Doe Defendant Two) negligently manipulated his head, neck, and back, thereby exacerbating his injuries.  He was then transported to the hospital for treatment.

The gist of plaintiff's complaint is that he should not have been ordered back into his cell while the floor was still wet and that he received negligent medical treatment from staff members of Wyatt, all in violation of his constitutionally protected rights and duties imposed upon defendants by Rhode Island common law.  With regard to his FTCA claim against the United States, plaintiff says the government failed to adequately supervise and/or monitor activities at Wyatt.  According to plaintiff, that failure led to improper staffing of the facility, sub-standard conditions, and poorly trained staff which, in turn, led to his injuries.

In support of his claim under the ADA, plaintiff claims that Chang and certain unidentified employees at the Wyatt Detention Facility retaliated against him by withholding medicine and medical treatment in response to his having filed a complaint against Chang with state medical authorities.

**Discussion**

I.   <u>The United States' Motion to Dismiss</u>.

By prior order, the court granted the government's motion to dismiss plaintiff's claim against John Leyden, in his official capacity as United States Marshall for the District of Rhode Island.  In his place, the United States of America was substituted as defendant.  The government now moves to dismiss count four of plaintiff's complaint (the sole count naming the government as a defendant).  In support of that motion, the government asserts that plaintiff failed to exhaust his administrative remedies.  Consequently, says the government, the court lacks subject matter jurisdiction over plaintiff's FTCA claim.  The court agrees.

In June of 1998, plaintiff filed an administrative claim with the United States Marshals Service, seeking compensation for injuries he claims to have sustained when he fell. Approximately two months later, he amended his complaint in this proceeding to add former defendant Leyden and the FTCA claim. Importantly, the amended complaint does not allege that the Marshals Service denied his administrative claim prior to the date on which he filed his amended complaint.

The United States Supreme Court has made it very clear that a plaintiff cannot pursue an action under the FTCA unless he or she first exhausts all available administrative remedies. See McNeil v. United States, 508 U.S. 106 (1993). To do so, a plaintiff must present a written claim to the appropriate federal agency, which must then either actually or constructively deny the claim. See 28 U.S.C. §§ 2401, 2671, 2675(a). Section 2675(a) provides that a plaintiff may treat a claim as constructively denied if the agency fails to finally dispose of the claim within six months after it was filed. Here, however,

7

plaintiff's administrative claim was neither denied nor did the six month period lapse before he filed his FTCA claim against the government.

Should a plaintiff file suit under the FTCA prior to the agency's actual or constructive denial of his or her claim, it is subject to dismissal for lack of subject matter jurisdiction. This is true even if the agency subsequently denies the administrative claim, after the plaintiff files his or her federal suit. See McNeil, 508 U.S. at 111-12. See also United States v. Burzynski Cancer Research Institute, 819 F.2d 1301, 1306 (5th Cir. 1987); Salvador v. Meese, 641 F. Supp. 1409, 1418 (D.Ma. 1986). Accordingly, plaintiff's claims against the United States were filed prematurely and must be dismissed for lack of subject matter jurisdiction.

II. Cornell Corrections, L.P., Cornell Corrections, Inc., Central Falls Detention Facility Corporation, and Victor Liburdi's Motion to Dismiss.

   A. Count Five - 42 U.S.C. § 1983.

In count five of his complaint, plaintiff appears to claim that he received inadequate medical care following his accident. When he complained about the perceived deficiencies in that care (to individuals at Wyatt and to the Rhode Island Medical Licensing Board), he says defendant Chang retaliated by canceling his scheduled surgery and stopped providing him with prescribed pain medication. Plaintiff summarizes his section 1983 claim as follows:

> The retaliation and adverse treatment of Plaintiff by Defendant Chang and others at the Wyatt Detention Facility (including the withholding of medication and medical care . . .), as a consequence of Plaintiff's efforts to complain about Defendant Chang . . . violated rights guaranteed to Plaintiff by [the United States Constitution].

> The intentional and retaliatory denial of medical care to Plaintiff by Defendant Chang and others violates the right of Plaintiff, a pretrial detainee, to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the Constitution of the United States.

Amended complaint, at paras. 53-54.[1]

_____

[1] Parenthetically, the court notes that Rogers alleges he was a pretrial detainee when he suffered the injuries identified

It is well established that a municipal entity cannot be held liable under 42 U.S.C. § 1983 on a theory of respondeat superior or vicarious liability; the municipality itself must proximately cause the constitutional injury, through the promulgation (or tacit approval) of a policy or custom. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). See generally Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). And, to state a viable claim under § 1983, a plaintiff must allege in substance that the challenged municipal custom or policy was the "moving force" behind the constitutional injuries at issue. See Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 404 (1997).

Even liberally construing the allegations set forth in plaintiff's amended complaint, the court cannot reasonably

in his amended complaint. Accordingly, the constitutional obligations owed to him by the various defendants flow from the provisions of the Fourteenth, rather than the Eighth Amendment. See, e.g., City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)).

10

conclude that he has alleged that the wrongful conduct he ascribes to Chang and others was the product of any municipal custom or policy.  Instead, his complaint very plainly alleges that the wrongful treatment to which he was subjected was the product of Chang's alleged personal efforts to retaliate against him for having complained about the medical care that he had received.  Thus, the sole basis upon which he attempts to impose liability on the Cornell Defendants, CFDFC, and Liburdi is respondeat superior.  Because it is well established that such a claim fails to state a viable cause of action under § 1983, count five of plaintiff's amended complaint must be dismissed as to those defendants.

B.    <u>Count Six - The Americans with Disabilities Act</u>.

In count six of his amended complaint, plaintiff advances the following claim:

> The retaliation and adverse treatment of Plaintiff by Defendant Chang and others at the Wyatt Detention Facility (including the withholding of medication and medical care, provision of false information, and other adverse treatment for which Plaintiff has been singled

out) <u>as a consequence of Plaintiff's efforts to</u> <u>complain about Defendant Chang</u>, the denial of medical care and of Plaintiff's seeking redress from the courts and administrative agencies violated rights guaranteed to Plaintiff by 42 U.S.C. § 12132, et seq., the Americans with Disabilities Act.

Amended complaint, at para. 61 (emphasis supplied). In short, plaintiff claims that Chang and certain other defendants (precisely who is unclear) unlawfully retaliated against him, in violation of the ADA, when he complained about the medical treatment he was receiving.

Plainly, plaintiff's allegations fail to state a viable claim under the ADA. Title II of the ADA, 42 U.S.C. § 12131, et seq. (upon which plaintiff bases his claim), prohibits public entities from discriminating against individuals with disabilities and provides that:

Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits or the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

12

42 U.S.C. § 12132. To state a cognizable claim under the ADA, a plaintiff must allege: (1) he suffers from a disability; (2) he was denied a public benefit; and (3) the denial of that benefit was because of his disability. See generally Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90 (1st Cir. 2000). See also Weinreich v. Los Angeles County, 114 F.3d 976, 978 (9th Cir. 1997) ("To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.") (emphasis in original). Even if the court were to assume that plaintiff is a "qualified individual with a disability," his amended complaint fails to allege that he suffered some form of prohibited discrimination as a result of that alleged disability. To the contrary, plaintiff clearly asserts that defendants discriminated against him because he complained about the medical

13

care he was receiving. Such a claim is not cognizable under §
12132.

The same conclusion is reached if plaintiff's claim is
analyzed under section 12203, which provides:

> **Retaliation.** No person shall discriminate against any
> individual because such individual has opposed any act
> or practice made unlawful by this chapter or because
> such individual made a charge, testified, assisted, or
> participated in any manner in an investigation,
> proceeding, or hearing under this chapter.

42 U.S.C. § 12203. Although plaintiff claims that defendants
"retaliated" against him, he does not allege that such conduct
was motivated by his having engaged in conduct protected by the
ADA. See, e.g., Soileau v. Guilford of Maine, Inc., 105 F.3d 12,
16 (1st Cir. 1997) ("[T]o establish a claim of retaliation
[plaintiff] must show that he was engaged in protected conduct,
that he [suffered adverse consequences], and that there was a
causal connection between [those consequences] and the
conduct.").

14

Consequently, count six of plaintiff's amended complaint fails to state a viable cause of action under the ADA against the Cornell Defendants, CFDFC, or Liburdi.

C.    Plaintiff's State Law Claims.

Counts one through three of plaintiff's amended complaint set forth state common law claims for negligence.  And, while plaintiff says that count four is actually brought against the government under the FTCA, see plaintiff's memorandum in opposition to motion to dismiss, at 1 (R.I. document no. 30), it also arguably asserts a state law claim for breach of contract (in the form of an intended third-party beneficiary claim) against various other defendants.  See Amended complaint, at para. 34.  The Cornell Defendants, CFDFC, and Liburdi move the court to decline to exercise supplemental jurisdiction over all state law claims set forth in plaintiff's complaint that might conceivably be viewed as being against them.  See 28 U.S.C. § 1367.

15

Section 1367 of Title 28 provides that the court may decline to exercise supplemental jurisdiction over a plaintiff's state law claim when:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). To assist district courts, the Court of Appeals has suggested that they also consider the following additional factors when determining whether to exercise supplemental jurisdiction over state law claims: (1) the interests of fairness; (2) judicial economy; (3) convenience; and (4) comity. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998). With regard to principles of comity, the Supreme Court has observed:

16

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not unsubstantial in a jurisdictional sense, the state claims should be dismissed as well.

United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Most federal courts addressing this issue appear to agree that if a plaintiff's federal claims have been dismissed (particularly if done early in the proceedings), the district court should ordinarily decline to exercise supplemental jurisdiction over his or her state law claims.

> After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims. There are two reasons for this presumption. First, a 12(b)(6) dismissal usually comes early in the proceedings, when the court has not yet invested a great deal of time into resolution of the state claims. Second, a 12(b)(6) dismissal implies that the substance of the federal claims was somehow lacking, even if the claims were sufficient to survive a motion for dismissal under 12(b)(1).

<u>Musson Theatrical, Inc. v. Federal Exp. Corp.</u>, 89 F.3d 1244, 1255 (6th Cir. 1996).  <u>See also</u> <u>Camelio</u>, 137 F.3d at 672 ("Accordingly, the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation.").

In this case, several factors counsel against the exercise of supplemental jurisdiction over plaintiff's state law claims against these defendants.  First and perhaps most notably, plaintiff's foundational federal claims against these defendants have been dismissed at an early stage of this litigation.  Next, his state law claims raise potentially complex issues of state law, including the ability of these arguably quasi-municipal defendants to avail themselves of statutory immunity afforded by Rhode Island law to municipal entities.

Additionally, plaintiff's state and federal claims against these defendants do not appear to arise out of the same common

18

nucleus of operative facts. His state law claims appear to relate primarily to his slip and fall (e.g., design of the facility, training of corrections officers, etc.). His federal claims, however, appear to relate to the retaliation he says he suffered after complaining about the care he received from Chang and others. Finally, although the remaining defendants have not yet filed dispositive motions, it is likely that they will be forthcoming. And, based upon the present record, it is possible that plaintiff's federal claims against those defendants will be resolved prior to trial, leaving plaintiff with no federal claims against any defendants.

In light of the foregoing, the court, in the exercise of its discretion, declines to exercise supplemental jurisdiction over plaintiff's state law claims against the Cornell Defendants, CFDFC, and Liburdi.

**Conclusion**

19

The motion to dismiss submitted by Cornell Corrections, L.P., Cornell Corrections, Inc., Central Falls Detention Facility Corporation, and Victor Liburdi (document no. 7) as to all of plaintiff's federal claims against those defendants is granted. The court also declines to exercise supplemental jurisdiction over plaintiff's state law claims against those defendants, which are dismissed without prejudice to plaintiff's asserting them in state court.

Similarly, the motion to dismiss submitted by the United States of America (document no. 14) is granted.

**SO ORDERED.**

                    _____
                    Steven J. McAuliffe
                    United States District Judge

June 21, 2000

cc:  Douglas K. Rogers
     Jay M. Elias, Esq.
     Dennis T. Grieco, II, Esq.
     Clerk, USDC-Rhode Island
     Anthony C. DiGioia, Esq.