Robert E. **WEINREICH,**
**Plaintiff–Appellant,**

v.

**LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY, Defendant–Appellee.**

No. 95–55991.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1997.

Decided June 10, 1997.

Duncan E. Montgomery, Skadden, Arps, Slate, Meagher & Flom, Los Angeles, California, for the plaintiff-appellant.

Cassandra G. Langston, Deputy County Counsel, Los Angeles, California, for the defendant-appellee.

Before: THOMPSON and T.G. NELSON, Circuit Judges, and FITZGERALD, District Judge.*

## OPINION

DAVID R. THOMPSON, Circuit Judge.

Robert E. Weinreich appeals from the district court's judgment, after a bench trial, in favor of the Los Angeles County Metropolitan Transportation Authority (MTA). We affirm the district court's judgment that the MTA did not discriminate against Weinreich on the basis of his disability under the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. § 12101, *et seq.*, or Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Rehabilitation Act).

---

* Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

The MTA, a regional public transit system, offers a Reduced Fare Program ("Program") for elderly and eligible disabled patrons. In 1982, Weinreich qualified for the Program after a doctor certified that he was permanently disabled due to severe chronic back problems. In 1992, the MTA promulgated a new rule requiring disabled Program participants to provide updated medical information every three years recertifying that they are disabled. In 1993, Weinreich sought an exemption from the new rules' recertification requirement on the ground that he is indigent and cannot afford to pay a private doctor to recertify his disability. The MTA refused to exempt Weinreich from the recertification requirement and, without recertification, refused to renew his eligibility for the Program.

■ The district court correctly concluded that the MTA had no obligation under the ADA or the Rehabilitation Act to "reasonably accommodate" Weinreich's financial inability to provide updated recertification of his disability. The duty to provide "reasonable accommodations" under the ADA and the Rehabilitation Act arises only when a policy discriminates *on the basis of disability*.[1] Title II of the ADA provides:

> ... [N]o qualified individual with a disability shall, *by reason of such disability*, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132 (1993) (emphasis added).[2] Title II of the ADA was expressly modeled after Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *see* 42 U.S.C. § 12134(b), which provides:

No otherwise qualified individual with a disability ... shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794 (1993) (emphasis added).

■ To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) *such exclusion, denial of benefits, or discrimination was by reason of his disability*. *See* 42 U.S.C. § 12132 (emphasis added); *Does 1–5 v. Chandler*, 83 F.3d 1150, 1154–1155 (9th Cir. 1996). Similarly, under Section 504 of the Rehabilitation Act, a plaintiff must show: (1) he is an "individual with a disability";[3] (2) he is "otherwise qualified" to receive the benefit; (3) he was denied the benefits of the program *solely by reason of his disability*; and (4) the program receives federal financial assistance. *See* 29 U.S.C. § 794 (emphasis added); *Bonner v. Lewis*, 857 F.2d 559, 562–63 (9th Cir. 1988); *Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir.1988).

■ Even if we assume, without deciding, that Weinreich is "handicapped" and/or "disabled" and "otherwise qualified" under the Acts, he has not shown that his exclusion from the Reduced Fare Program was due to his disability. "[A] plaintiff proceeding under Title II of the ADA must, similar to a Section 504 plaintiff, prove that the exclusion from participation in the program was 'solely

---

1. Actually, the ADA language requiring "reasonable accommodations" appears in Title I of the ADA and applies only to *employers*. The language applicable to public services, benefits and programs is found in the regulations implementing Title II of the ADA. These regulations require "reasonable *modifications*" to public services and programs that discriminate on the basis of disability unless such modifications would fundamentally alter the nature of the service or program. *See* 28 C.F.R. § 35.130(b)(7).

2. The parties agree that MTA is a public entity within the meaning of the ADA and the Rehabilitation Act. *See* 42 U.S.C. § 12131(1)(B).

3. Prior to an amendment effective October 29, 1992, Pub.L. No. 102–569, the Rehabilitation Act referred to people covered under the Act as "handicapped individuals" rather than "individuals with disabilities." Thus, pre–1992 case law interpreting the Rehabilitation Act requires a showing that one is a "handicapped individual." The definition of those covered under the Act before and after the 1992 amendments, however, is essentially the same. *Compare* 29 U.S.C. § 706(8) (1993) (defining "individual with a disability") to 29 U.S.C. § 706(7) (1991) (defining "handicapped individual").

by reason of disability.'" *Does,* 83 F.3d at 1155 (*quoting Sandison v. Michigan High School Athletic Ass'n, Inc.,* 64 F.3d 1026, 1036–37 (6th Cir.1995)). *See also Doherty,* 862 F.2d at 573. The "reasonable modification" provision of the regulations implementing Title II of the ADA states:

> A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination *on the basis of disability,* unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the services, program, or activity.

28 C.F.R. § 35.130(b)(7) (1993) (emphasis added).

■ Weinreich's exclusion from the Reduced Fare Program was not based on the fact or perception that he has a disability. To the contrary, his exclusion was based on the possibility that he does *not* have a qualifying disability. Specifically, his exclusion was based on his failure to provide updated certification that he has a qualifying disability. Weinreich's inability to provide updated certification was due to his financial circumstances, not to his medical disability. Thus, the MTA's recertification policy did not discriminate against Weinreich on the basis of disability, and the MTA is not required under the ADA or Rehabilitation Act to make reasonable modifications to the Program's eligibility requirements for Weinreich.

Weinreich contends the ADA and Rehabilitation Act mandate reasonable modifications whenever a state imposes a requirement that prevents qualified disabled people from having "meaningful access" to a state-provided benefit. The cases Weinreich cites in support of this argument, however, stand for the proposition that reasonable modifications may be required when a state imposes a requirement that prevents qualified disabled people from having "meaningful access" to a benefit *because of their disability. See Alexander v. Choate,* 469 U.S. 287, 301–02, 105 S.Ct. 712, 720–21, 83 L.Ed.2d 661 (1985); *Crowder v. Kitagawa,* 81 F.3d 1480, 1484 (9th Cir.1996). Weinreich's lack of "meaningful access" to the Reduced Fare Program was not due to his medical disability, but rather to his inability to satisfy a condition of eligibility because of his financial circumstances.

In sum, the MTA did not violate the ADA or Rehabilitation Act by failing to "reasonably accommodate" Weinreich's inability to provide recertification, because the MTA's recertification requirement did not discriminate against Weinreich on the basis of his disability.

AFFIRMED.