**Thomas R. ARMSTRONG, Plaintiff—Appellant,**

v.

**CITY OF CARLSBAD, a municipal corporation chartered by the State of California; et al., Defendants—Appellees.**

No. 01–56833.

D.C. No. CV–01–01677–TJW.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.[*]

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM [**]

Thomas R. Armstrong appeals pro se the district court's sua sponte dismissal, with prejudice, of his federal 42 U.S.C. § 1983 action alleging city officials violated due process and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, when they towed his van off a neighbor's property. We have jurisdiction pursuant to 12 U.S.C. § 1291. We review de novo a dismissal pursuant to Fed.R.Civ.P. 12(b)(6), *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 507 (9th

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellees' request for oral argument is denied.

Cir.1989), and we affirm in part, and reverse and remand in part.

The district court improperly dismissed Armstrong's federal due process claim without notice or leave to amend because Armstrong may be able to save his complaint by alleging that he timely requested a post-tow hearing. *See Lee v. City of Los Angeles,* 250 F.3d 668, 691 (9th Cir.2001); *see also Scofield v. City of Hillsborough,* 862 F.2d 759, 764 (9th Cir.1988) (recognizing a due process right to a timely requested post-tow hearing).

The district court correctly dismissed Armstrong's ADA claim without leave to amend. *See Weinreich v. Los Angeles County Metropolitan Transportation Authority,* 114 F.3d 976, 978 (9th Cir.1997) (requiring a showing under the ADA that a qualified individual with a disability was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities because of his disability).

On remand the district court should grant Armstrong leave to amend his due process claim and should reconsider whether to exercise supplemental jurisdiction to hear Armstrong's state law claims under 28 U.S.C. § 1367.

Armstrong's remaining contentions lack merit.

Each party shall bear its own costs.

**AFFIRMED, in part, REVERSED and REMANDED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.