Jan WRONCY, Plaintiff—Appellant,

v.

OREGON DEPARTMENT OF TRANS-PORTATION, Defendant—Appellee.

No. 02–35809.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2004.

Decided April 2, 2004.

Appeal from the United States District Court for the District of Oregon, Thomas M. Coffin, Magistrate, Presiding. D.C. No. CV–99–06092–CO.

David C. Force, Esq., Law Offices of David C. Force, Eugene, OR, for Plaintiff–Appellant.

Daniel J. Casey, David A. Landrum, AGOR–Office of the Oregon, Attorney General's (Salem), Salem, OR, for Defendant–Appellee.

Before: GOODWIN, MCKEOWN, and FISHER, Circuit Judges.

## MEMORANDUM *

Plaintiff Jan Wroncy appeals the district court's entry of summary judgment in favor of defendant, the Oregon Department of Transportation ("ODOT").

Wroncy filed a complaint under Title II of the Americans with Disabilities Act ("ADA"), alleging that ODOT's application of herbicides along the highways aggravates her disabilities of Multiple Chemical Sensitivity ("MCS") and a form of porphyria called Dual Variegate Porphyria. The district court granted ODOT's motion for summary judgment, stating that MCS and porphyria are "essentially identical," and holding that evidence of MCS is inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In the alternative, the court held that Wroncy failed to show that a genuine issue of material fact existed as to the causation element of her claims.

■ The record does not support the district court's treatment of porphyria and MCS as essentially identical. ODOT's expert, Dr. Brent Burton, M.D., described porphyria as a "very rare genetic disorder" that is "an established medical illness." In contrast, the district court found that the disease of MCS has yet to gain widespread acceptance within the medical community. We agree, however, with the district court's ruling on causation. Wroncy presented no evidence, other than her own lay testimony, that she came into contact with ODOT's herbicides or that the herbicides, as opposed to another chemical, triggered her purported reactions. In short, she has not shown that she was or is

excluded from the highways due to her disabilities. *Cf. Weinreich v. Los Angeles County Metro. Transp. Auth.,* 114 F.3d 976, 978 (9th Cir.1997).

■ Wroncy's motion to strike ODOT's brief and ODOT's supplemental excerpts of record is denied, except to the extent she seeks to strike the extra-record documents from the consolidated oral argument. That aspect of her motion is moot because those documents relate to the district court's ruling on MCS, which she does not challenge on appeal. *See* Appellant's Opening Brief at 11 n. 3, 18 ("She is indeed sensitive to multiple chemicals, but she does not allege that her disability is MCS or MCS 'syndrome.'"); ("The District Court found undisputed facts about MCS, but no facts about [Dual Variegate Porphyria].").

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.