**Tom JENSEN, Plaintiff–Appellant,**

v.

**SWEET HOME ONE CARE FACILITY, a business entity; et al., Defendants–Appellees.**

**No. 05–15346.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

Tom Jensen, Oakland, CA, pro se.

Michael A. Barnes, Esq., Sonnenschein Nath & Rosenthal, LLP, Susan J. King, DAG, AGCA—Office of the California Attorney General, San Francisco, CA, Mark Palley, Esq., Oakland, CA, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Tom Jensen appeals pro se from the district court's summary judgment for defendants, on remand from this court, in his action alleging various civil rights causes of action against his siblings and other individuals who were involved in the care of his late mother while she lived at a residential care facility for the elderly. We have jurisdiction under 28 U.S.C.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 1291. After de novo review, *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), we affirm.

The district court properly granted summary judgment on Jensen's 42 U.S.C. § 1983 claims against the Sweet Home defendants because he did not raise a triable issue of fact as to whether those defendants were willful participants with the state or its agents in an activity that deprived him of his constitutional rights. *See Brunette v. Humane Soc'y,* 294 F.3d 1205, 1211 (9th Cir.2002). Jensen also could not raise a triable issue of fact as to whether the state defendants violated his constitutional rights by investigating his complaints and compelling Sweet Home to restore his visitation rights with restrictions.

The district court properly granted summary judgment on Jensen's discrimination claims under the Americans with Disabilities Act and the Rehabilitation Act because he failed to raise a triable issue of fact as to whether his alleged exclusion from participation in any program was solely on account of a perceived disability. *See Weinreich v. Los Angeles County MTA,* 114 F.3d 976, 978–79 (9th Cir.1997). The district court properly granted summary judgment on Jensen's claims under California's Unruh Act because actions a business enterprise takes in response to inappropriate conduct do not constitute arbitrary discrimination. *See* Cal. Civil Code § 51; *Marina Point, Ltd. v. Wolfson,* 30 Cal.3d 721, 180 Cal.Rptr. 496, 640 P.2d 115, 124–27 (1982).

The district court did not abuse its discretion in denying Jensen's motion for additional discovery pursuant to Fed.R.Civ.P. 56(f) because Jensen failed to show how additional discovery would uncover specific facts that would preclude summary judg-

ment. *See California ex rel. California Dep't of Toxic Substances Control v. Campbell,* 138 F.3d 772, 779 (9th Cir.1998).

Jensen's remaining contentions lack merit.

We deny all pending motions.

**AFFIRMED.**