Alma Marie TRICHE–WINSTON; Charel Winston, Plaintiffs–Appellants,

v.

CALIFORNIA DEPARTMENT OF PUBLIC HEALTH; et al., Defendants–Appellees.

No. 07–15713.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 9, 2008.

Alma Marie Triche–Winston, Charel Winston, El Dorado Hills, CA, for Plaintiffs–Appellants.

Christopher Edward Krueger Fax, Office of the California Attorney General, Sacramento, CA, for Sherri Sokeland Kaiser, Esq., for Defendants–Appellees.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Alma Marie Triche–Winston and Charel Winston appeal pro se from the district court's judgment dismissing their action alleging violations of their constitutional rights and of Title II of the Americans with Disabilities Act ("ADA") in connection with the voiding of their same-sex marriage under *Lockyer v. City and County of San Francisco,* 33 Cal.4th 1055, 17 Cal. Rptr.3d 225, 95 P.3d 459 (2004). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Lockhart v. United States,* 376 F.3d 1027, 1028 (9th Cir.2004), and we consider sua sponte whether a claim is moot, *Bernhardt v. County of L.A.,* 279 F.3d 862, 871 (9th Cir.2002). We affirm in part and dismiss in part.

The district court properly dismissed appellants' due process claim because *Lockyer* did not grant them a right to a hearing regarding their disabilities. *See Cassidy v. Hawaii,* 915 F.2d 528, 530 (9th Cir.1990) (concluding that the plaintiff did not have a property interest under state regulations and thus failed to prove a due process violation).

The district court properly dismissed appellants' ADA claim because they did not show that they were denied the right to marry on the basis of their disabilities. 42 U.S.C. § 12132; *Weinreich v. L.A. County Metro. Transp. Auth.,* 114 F.3d 976, 978–79 (9th Cir.1997) (concluding that the plaintiff failed to show that he was excluded from the public program on the basis of his disability).

Appellants' equal protection challenge fails because they did not allege facts to support their assertion that defendants

treated them differently than similarly situated non-disabled persons. *See Lee v. City of L.A.,* 250 F.3d 668, 686–87 (9th Cir.2001) (setting forth requirements for an equal protection claim based on disability).

In light of the California Supreme Court's ruling in *In re Marriage Cases,* 43 Cal.4th 757, 76 Cal.Rptr.3d 683, 183 P.3d 384 (2008), we dismiss as moot the appeal from the denial of injunctive and declaratory relief. *See Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 901 (9th Cir.2007) (holding that claims for declaratory and injunctive relief were mooted by repeal of the challenged ordinance).

**AFFIRMED in part and DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

