Gary ERVIN, Plaintiff–Appellant,

v.

**JUDICIAL COUNCIL OF CAL-IFORNIA; et al., Defen-dants–Appellees.**

No. 06–17374.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 13, 2009.

Gary Ervin, Fair Oaks, CA, pro se.

Zackery P. Morazzini, Esq., Attorney General's Office for the State of California, Sacramento, CA, for Defendants–Appellees.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

MEMORANDUM **

Gary Ervin appeals pro se from the district court's judgment dismissing his action brought under Title II of the Americans With Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo and may affirm on any basis fairly supported by the record. *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir.2004). We affirm.

The district court properly dismissed the ADA claims against the state court judges because, as individuals, they were not liable under the ADA, *see Lovell v. Chandler,* 303 F.3d 1039, 1052 (9th Cir. 2002), and, to the extent Ervin raised retaliation claims against them, they enjoyed judicial immunity, *see Duvall v. County of Kitsap,* 260 F.3d 1124, 1133 (9th Cir.2001). The district court also properly dismissed the claims against Sacramento Superior Court and the Judicial Council because Ervin did not state a Title II ADA claim against these defendants. *See Weinreich v. L.A. County Metro. Transp. Auth.,* 114 F.3d 976, 978–79 (9th Cir.1997).

Because we conclude that these defendants were properly dismissed, we need not consider and do not reach Ervin's contentions that the district court abused its discretion when it denied his request to take judicial notice of a document already in the record, and that the clerk's order contained prejudicial legal errors.

We are not persuaded by Ervin's contention that there has been an intervening change in law, because two of the three cases he cites were decided before the district court's operative orders in this case, and the remaining case is unavailing.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We do not consider the district court's order denying Ervin's motions under Federal Rules of Civil Procedure 52(b) and 60(b), or the dismissals of the State Bar and Court Commissioner, because Ervin did not raise or argue these issues in his opening brief. *See* Fed. R.App. P. 28(a).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.