**Mark E. MILLER, Plaintiff— Petitioner,**

v.

**D.E. FREEHAUF, et al., Defendants— Respondents.**

No. 07–56834.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 30, 2009.

Mark E. Miller, Vacaville, CA, pro se.

John E. Rittmayer, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Defendants–Respondents.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Mark Miller appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety and medical needs, as well as violation of the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003) (failure to exhaust); *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004) (summary judgment). We affirm.

The district court properly granted summary judgment on Miller's Eighth Amendment claims alleging deliberate indifference to his safety because Miller failed to raise a triable issue as to whether the defendants knew of and disregarded an excessive risk to Miller's safety. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The district court properly granted summary judgment on Miller's deliberate indifference claim against Dr. Greenman because Miller failed to raise a triable issue as to whether Dr. Greenman was deliber-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ately indifferent to his serious medical needs. *See Toguchi,* 391 F.3d at 1057.

Summary judgment on Miller's ADA claim was also proper because Miller failed to raise a triable issue that he was discriminated against by reason of his alleged disability. *See Weinreich v. L.A. County Metro. Transp. Auth.,* 114 F.3d 976, 978 (9th Cir.1997) (listing requirements to show a violation of the ADA).

The district court properly dismissed Miller's claims regarding his use of an "x-bed" for failure to exhaust administrative remedies. *See Griffin v. Arpaio,* 557 F.3d 1117, 1120–21 (9th Cir.2009) (concluding that prisoner did not exhaust claim where his grievance failed to notify prison of the problem).

Miller's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.