MEMORANDUM **
Daniel C. Edington and his wife Noreen Edington appeal pro se from the district court’s summary judgment for defendants in their action alleging violations of the *890 Americans with Disabilities Act (ADA), the Rehabilitation Act, the Equal Protection Clause, and various federal criminal statutes. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir.2002), and we affirm.
The district court properly granted summary judgment on plaintiffs’ ADA and Rehabilitation Act claims because plaintiffs did not raise a triable issue as to whether Yavapai County employees discriminated against Daniel Edington due to a perception that Mr. Edington was disabled. See Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978-79 (9th Cir.1997) (“To prove a public program or service violates Title II of the ADA, a plaintiff must show (1) he is a ‘qualified individual with a disability’; (2) he was either excluded from participation in or denied the benefits of a public entity’s services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.”); Douglas v. Cal. Dept. of Youth Auth., 285 F.3d 1226, 1229-30 n. 3 (9th Cir.2002) (explaining that cases interpreting the Rehabilitation Act and the ADA are “interchangeable”).
The district court properly granted summary judgment on the selective enforcement claims because, other than their subjective beliefs, the Edingtons failed to produce evidence raising a triable issue as to whether County law enforcement officials failed to arrest other similarly situated citizens for disorderly conduct and harassment. See Rosenbaum v. City and County of San Francisco, 484 F.3d 1142, 1152-53 (9th Cir.2007) (explaining elements of a selective enforcement claim); Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028-29 n. 6 (9th Cir.2006) (explaining that a plaintiff may not defeat a defendant’s motion for summary judgment “by relying solely on the plaintiffs subjective belief that the challenged [] action was [wrong]”).
The district court properly granted summary judgment on the malicious prosecution claim because there was no evidence suggesting that Daniel Edington was prosecuted without probable cause. See Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995) (disposing of plaintiffs malicious prosecution claims because she was “unable to show that she was prosecuted without probable cause[,]” and stating that “the mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause.”).
The Edingtons’ remaining contentions are unpersuasive.
We deny all pending motions.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.