**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH L. SIGNORELLI, | No. 08-16946 |
| Plaintiff - Appellant, | D.C. No. 4:06-cv-00083-RCC |
| v. | |
| FRANK HUGHES, Graham County Sheriff; et al., | MEMORANDUM * |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted January 11, 2010**

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Joseph L. Signorelli, an Arizona state prisoner, appeals pro se from the

district court's summary judgment on his claim that county jail officers violated his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

GT/Research

rights under Title II of the Americans with Disabilities Act ("ADA"), and also appeals from the order denying of his motions for appointment of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo summary judgment. *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir. 2001). We review for an abuse of discretion denial of a motion for appointment of counsel under 28 U.S.C. § 1915. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). We affirm.

The district court properly granted summary judgment because Signorelli failed to identify any evidence in the record that established that he was disabled as defined by the ADA. *See Carmen,* 237 F.3d at 1028-31 (affirming summary judgment even though there was evidence in the record that may have created a triable issue, but where that evidence was not explicitly referenced in the opposition to the motion); *Weinreich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (explaining that to state a claim of disability discrimination under Title II, the plaintiff must allege, inter alia, that he is an individual with a disability).

The district court did not abuse its discretion by denying Signorelli's motions for appointment of counsel in light of a determination that Signorelli was able to articulate his claims and failed to demonstrate a likelihood of success on the

merits. *See Terrell*, 935 F.2d at 1017("The court may appoint counsel under section 1915[ ] only under exceptional circumstances. A finding of exceptional circumstances requires an evaluation of both the likelihood of success . . . and the ability of the petitioner to articulate his claims pro se . . . .") (internal quotation marks omitted).

We do not consider issues that Signorelli raised for the first time in his reply brief. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (quotation marks, brackets, and citations omitted); *see also California Pro-Life Council, Inc. v. Randolph,* 507 F.3d 1172, 1188 n.20 (9th Cir. 2007).

Signorelli's remaining contentions are not persuasive.

**AFFIRMED**.