**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCIS X. MCGOWAN, | No. 08-35813 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-05007-RHW |
| v. | |
| STATE OF WASHINGTON DEPARTMENT OF LABOR AND INDUSTRIES; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Submitted January 11, 2010 [**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Francis X. McGowan appeals pro se from the district court's summary

judgment for defendants in McGowan's action alleging improper denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

GT/Research

workers' compensation benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 822 (9th Cir. 2001), and we affirm.

The district court properly granted summary judgment on the Americans with Disabilities Act ("ADA") claim because McGowan failed to raise a triable issue as to whether he was denied workers' compensation benefits because of a disability. *See Weinreich v. L.A. County Metro. Transp. Auth.,* 114 F.3d 976, 978-79 (9th Cir. 1997) ("To prove a public program or service violates Title II of the ADA, a plaintiff must show (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.").

The district court properly granted summary judgment on the Due Process Clause claim because McGowan failed to raise a triable issue as to whether he had a property interest in his claimed workers' compensation benefits, or that, even if he had a property interest, he was not afforded adequate due process. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 60-61 (1999); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).

Because McGowan makes no argument concerning the dismissal of his other claims, we do not address those determinations. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1176 (9th Cir. 1996).

**AFFIRMED**.