**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROY SUDDUTH,

            Plaintiff - Appellant,

   v.

RONALD BAREFIELD; et al.,

            Defendants - Appellees.

No. 09-56542

D.C. No. 2:08-cv-03457-PSG-JWJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

     Roy Sudduth appeals pro se from the district court's summary judgment in

his action alleging that defendants discriminated against him on the basis of his

race, religion, and disability by denying his request for a two bedroom Section 8

public housing voucher.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo, *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997), and we affirm.

The district court properly granted summary judgment on Sudduth's Fair Housing Act claim because he failed to raise a genuine issue of material fact as to whether he qualified for a two bedroom unit, or whether defendants' proffered legitimate, nondiscriminatory reason for denying him the extra bedroom was pretextual. *See id.* at 305.

The district court properly granted summary judgment on Sudduth's Americans with Disabilities Act claim because he failed to raise a genuine issue of material fact as to whether defendants denied his request for a two bedroom unit "by reason of his disability." *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

Sudduth's remaining contentions are unpersuasive.

We do not consider Sudduth's contentions raised for the first time on appeal. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008).

**AFFIRMED.**