FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL CURRIE,

Plaintiff - Appellant,

v.

BEATRICE KELLER CLINIC,

Defendant - Appellee.

No. 11-15598

D.C. No. 2:09-cv-01466-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted July 20, 2012
San Francisco, California

Before: PAEZ and BYBEE, Circuit Judges, and VANCE, Chief District Judge.[**]

Michael Currie appeals the district court's grant of summary judgment on

his claim that the Beatrice Keller Clinic violated the Americans with Disabilities

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Sarah S. Vance, Chief District Judge for the United
States District Court for the Eastern District of Louisiana, sitting by designation.

Act (ADA), 42 U.S.C. § 12112, by refusing to hire him after he failed a drug test. We have jurisdiction to review the order under 28 U.S.C. § 1291, and we affirm.

First, the Clinic proffered a legitimate, non-discriminatory reason for its adverse employment decision, *i.e.*, that Currie failed a drug test. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973) (establishing burden-shifting framework for employment discrimination claims); *Lopez v. Pac. Mar. Ass'n*, 657 F.3d 762, 764 (9th Cir. 2011) (citing *Raytheon Co. v. Hernandez*, 540 U.S. 44, 53 (2003)) (recognizing positive drug test as legitimate, non-discriminatory reason for employer's decision).

Second, the district court properly determined that Currie did not offer "specific" and "substantial" evidence that the Clinic's stated reason for not hiring him was a pretext for discrimination. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998). Currie relied on the treatment of another applicant, but she was not similarly situated because she did not fail a drug test. In any event, she was not hired. Currie also cited the Clinic's deviation from company policy in withdrawing his employment offer before confirming the positive drug test, but this action did not disadvantage Currie. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1117 (9th Cir. 2011) ("A plaintiff may . . . raise a triable issue of pretext through evidence that an employer's deviation from established policy or practice worked to h[is] disadvantage."). The confirmatory test only validated the

2

original positive screen, and Currie admitted using Marinol, a drug containing THC. Further, Currie's arguments that the Clinic was too rigid in requiring a prescription to explain his positive drug screen and that it decided too quickly not to hire him when his medical records failed to include a prescription for Marinol, intrude into the zone of appropriate business judgment and do not demonstrate pretext. *See Sharpe v. Am. Tel. & Tel. Co.*, 66 F.3d 1045, 1050 (9th Cir. 1995) ("We have long held that discrimination laws are not intended as a vehicle for general judicial review of business decisions." (internal quotation omitted)).

Third, we hold that the district court did not err in granting summary judgment on Currie's claim that the Clinic failed to reasonably accommodate his disability. Notably, Currie did not ask for an accommodation necessitated by his HIV positive status. *See, e.g.*, *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188 (9th Cir. 2001) (concluding that an employer is "under no affirmative obligation to provide an accommodation" where there is no evidence that an accommodation was requested). He simply invoked the company's existing drug policy, which permitted potential employees to explain positive drug screens. Further, Currie failed to show that, absent an accommodation, the Clinic's facially neutral drug testing policy discriminated on the basis of disability by burdening HIV positive individuals more than others. *McGary v. City of Portland*, 386 F.3d 1259, 1265–67 (9th Cir. 2004); *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978

3

(9th Cir. 1997) (duty to provide reasonable accommodation "arises only when a policy discriminates *on the basis of disability*"). Currie's failure to produce a prescription for Marinol did not result from his HIV positive status. Hence, the Clinic's drug testing policy did not impose a greater burden on him based on his HIV positive status and, therefore, did not discriminate on the basis of disability.

Finally, we hold that the district court did not abuse its discretion when it denied Currie's motion to amend the complaint and scheduling order. Currie did not file a proper motion to amend until months after the amendment deadline and the close of discovery. Thus, the district court did not err in holding that Currie was not reasonably diligent and failed to show good cause for the proposed amendments. *See* Fed. R. Civ. P. 16(b); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

AFFIRMED.