**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

NOV 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NYLONDA JAZZ SHARNESE, an
individual; et al.,

          Plaintiffs - Appellants,

  v.

STATE OF CALIFORNIA; et al.,

          Defendants - Appellees.

No. 12-55407

D.C. No. 2:10-cv-06796-VAP-
MAN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted October 10, 2013[**]
Pasadena, California

Before: REINHARDT and CHRISTEN, Circuit Judges, and SEDWICK, District
Judge.[**]

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]   The Honorable John W. Sedwick, District Judge for the U.S. District
Court for the District of Alaska, sitting by designation.

Nylonda Sharnese and Ronald Shea appeal the district court's order dismissing their civil action against Michael A. Latin, Patti Sundstrom, and the Superior Court of California, County of Los Angeles. Latin was a superior court judge when the events giving rise to the action took place, and Sundstrom was a court reporter. Having carefully considered the district court's order and the findings and recommendations of the magistrate judge, we now affirm the dismissal of the action but reduce the amount of sanctions.

**(1) State Sovereign Immunity**

States have sovereign immunity from suits by their own citizens and citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). California state courts are "arms of the state" for purposes of sovereign immunity. *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). Although Congress may render states liable in federal court by exercising its enforcement powers under the Fourteenth Amendment, *see Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976), Congress did not do so with respect to 42 U.S.C. § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The doctrine of state sovereign immunity bars appellants' claims against the superior court, with the exception of Shea's claim under the Americans with Disabilities Act (ADA).

**(2) Judicial Immunity**

Judicial immunity is an immunity from suit for judges acting in a judicial capacity, so long as the judge has not acted "in the complete absence of all jurisdiction." *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). It is "not overcome by allegations of bad faith or malice." *See id.* at 11. Most of the factual allegations against Judge Latin concern judicial actions taken with regard to cases in the superior court over which the court had subject matter jurisdiction. *See Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). The only claim against Judge Latin that may possibly arise from nonjudicial conduct is the § 1985 claim concerning the alleged conspiracy with Sundstrom to falsify court transcripts. We need not determine the applicability of judicial immunity to this conduct because appellants' § 1985 claims were properly dismissed on other grounds, as discussed below. We uphold the district court's dismissal of all other claims against Judge Latin under the doctrine of judicial immunity.

### (3) Claims under § 1985

A cognizable claim under the relevant clauses of § 1985 requires an allegation of racial or class-based animus. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Neither appellants' original complaint nor their proposed amended complaint specifically alleged such animus. On appeal, appellants argue that Judge Latin manifested animus against "multiple poor and impoverished

3

clients of Mr. Shea." But, as explained, the doctrine of judicial immunity applies to the judge's actions with respect to these litigants. As for the conspiracy between Judge Latin and Sundstrom, appellants do not allege that the alteration of the court transcript was motivated by racial or class-based animus. Rather, the proposed amended complaint asserts that the alterations were "intentionally entered for the purpose of concealing judicial misconduct and the egregious bias of Judge Michael Latin." Because appellants do not allege racial or class-based animus with regard to conduct that is not covered by some form of immunity, their § 1985 claims were properly dismissed. *See Usher*, 828 F.2d at 561.

**(4) ADA Claim**

Appellees acknowledge that sovereign immunity does not bar Shea's ADA claim against the superior court. To state a cognizable claim under Title II, Shea needed to allege discrimination by reason of his disability. 42 U.S.C. § 12132; *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). Shea did not allege that anyone in the court was aware of his disability when the events complained of arose. Nor does he allege that he requested accommodation for his disability. Because he cannot show that any court employee took actions "by reason of" a disability of which they were unaware, the ADA claim was properly dismissed.

4

**(5) Claim under California Law**

It is unnecessary for this court to decide whether the district court had the power to grant declaratory relief for alleged violations of the California Code of Civil Procedure. Once all federal actions were dismissed from the action, the district court acted within its discretion in declining to hear remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

**(6) Leave to Amend**

Federal courts freely grant leave to amend a complaint "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Granting leave to amend is not required when amendment would be futile. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008). Appellants put forth a proposed amended complaint that does not cure the fatal defects concerning judicial immunity, state sovereign immunity, or the failure to state cognizable claims under § 1985 and the ADA. As the district court concluded, these defects are fundamental. "Appellants fail to state what additional facts they would plead if given leave to amend . . . . Accordingly, amendment would be futile." *Id.* at 1052.

**(7) Rule 11 Sanctions**

All aspects of a district court's Rule 11 determination are reviewed for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Here,

5

appellants requested sanctions against appellees' counsel for making legal arguments, and taking actions in litigation, with which appellants did not agree. As the findings and recommendations of the magistrate judge demonstrate, appellants' arguments are without legal merit. The district court appropriately exercised its discretion in refusing to grant appellants' request for sanctions.

The central purpose of Rule 11 sanctions is "to deter baseless filings in District Court," but courts must also be sensitive to the dangers of chilling vigorous advocacy. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990). Shea's complaint alleges, and the appellees do not dispute, that he is receiving social security disability payments. The substance and style of Shea's arguments for sanctions—in particular, accusing opposing counsel of "fraud"—are professionally irresponsible. Nonetheless, because the sanction imposed is more than sufficient to deter similar conduct in the future, we reduce the sanction against Shea from $2,760 to $500.

**AFFIRMED IN PART** and **VACATED IN PART.** Appellants' requests for judicial notice are deemed **MOOT**.

Each party shall bear its own costs on appeal.

*Sharnese v. State of California,* No. 12-55407

REINHARDT, Circuit Judge, concurring.


On occasion, the imposition of sanctions, though permissible, tends to increase rather than facilitate the litigation at issue. This, to me, is one of those instances in which the district court might best use its discretion to refrain from following the normal course, and ignore conduct that may well be worthy of reproach. Sometimes it is best simply to be practical and take into account the human frailties of litigants or even counsel. To the extent that Shea can learn from sanctions, he has probably reached his limit. I would recommend that Judge Phillips vacate the sanctions rather than reduce them and thus avoid any possibility of further misunderstanding.