FILED

**NOT FOR PUBLICATION**

JUN 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIEL LUCIAN ROMAN, | No. 13-55480 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00437-PSG-SH |
| v. | |
| LOS ANGELES COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, Erroneously Sued As County of Los Angeles and STATE OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, Erroneously Sued As California Department of Social Services, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted June 1, 2015[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: FERNANDEZ and BEA, Circuit Judges and MARQUEZ,*** District Judge.

Gabriel Lucian Roman received benefits from Los Angeles County's Department of Public Social Services ("DPSS") starting in 2004. In 2010, DPSS determined that he was no longer eligible to receive one portion of his benefits. Roman filed a Complaint against DPSS and the California Department of Social Services ("DSS") alleging that the agencies committed fraud in terminating his benefits and terminated his benefits because he was disabled. On March 12, 2013, the district court granted summary judgment after finding, *inter alia*, that Roman failed to present any evidence that raised a genuine issue of material fact on required elements of both his disability discrimination and fraud claims.

The only evidence presented to demonstrate discriminatory intent was his caregiver's statement that a social worker told her Roman's case was reviewed for eligibility because the benefits he received "are costing the program the most." Putting aside the requirement that evidence considered at the summary judgment stage be admissible at trial, *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002), the substance of this statement indicates that DPSS's intent was to review the continued eligibility of recipients whose benefits cost the County the

---

*** The Honorable Rosemary Marquez, District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

2

most money, not to review recipients who were disabled. This is not sufficient to withstand a summary judgment challenge. *See Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978-79 (9th Cir. 1997).

As for Roman's claims of fraud, he similarly failed to offer evidence that created a triable issue of fact on the necessary elements. Fraud requires proof of (1) a misrepresentation; (2) the defendant's knowledge of the statement's falsity; (3) the intent to defraud, i.e. the intent to induce reliance; (4) justifiable reliance; and (5) damages resulting from the justifiable reliance. *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1105-06 (9th Cir. 2003). As the district court rightly noted, Roman must have established that there were triable issues of fact as to *each* element. *In re Brazier Forest Prods., Inc.*, 921 F.2d 221, 223 (9th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Roman claimed DPSS and DSS defrauded him because a DPSS employee made an incorrect statement regarding the contents and completeness of Roman's file. However, Roman offered no evidence that the employee *knew* his statement was false or that he *intended* to defraud Roman. Accordingly, the district court was correct to grant summary judgment on this claim.

**AFFIRMED.**[1]

---

[1]    Because we find that Roman failed to offer evidence to support his substantive claims of unlawful disability discrimination and fraud, we need not address whether DSS can be liable for DPSS's conduct.  Similarly, we need not consider the documents Roman provided in his Motion Requesting Judicial Notice, and therefore decline to do so.  Roman's Motion is **DENIED**.