**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEWAY MENGISTU, an individual, | No.  16-56591 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-05427-MWF-PJW |
| v. | |
| HOUSING AUTHORITY OF THE CITY OF LOS ANGELES, a State of California entity; and others to be joined under Rule 19 of the Federal Rules of Civil Procedure, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted April 12, 2018
Pasadena, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and CHEN,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

Plaintiff-Appellant Neway Mengistu appeals the district court's entry of summary judgment in favor of Defendant-Appellee, the Housing Authority of the City of Los Angeles ("HACLA"), which had denied his request for a third bedroom to house equipment he claimed would be medically necessary. He brought this action under Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and California's Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq.* All require that HACLA make reasonable accommodations for physical disabilities.

The parties do not dispute that Mengistu is disabled and requires use of a wheelchair. He requires one bedroom for himself and one for a full-time attendant; Mengistu asked for the third bedroom for the purpose of storing large exercise equipment that would be used to strengthen his atrophying muscles. Mengistu provided letters from his medical providers stating that the equipment was necessary because it would enable him to engage in exercise with the assistance of a trainer to strengthen his muscles and improve his cardiovascular system. A gym was not a practical alternative because, according to one of his physicians, it

"would take an army of people: to get him there, to get him transferred to the equipment" and he would have to stop after only 15 minutes. Having the equipment in his apartment, on the other hand, would allow him to exercise in short intervals throughout the day. The physicians agreed that Mengistu could do some exercises without the equipment, but there was no evidence that the benefits, cardiovascular or otherwise, would have been comparable to those provided by the exercise equipment; a rower, recumbent bike, and pulley system would allow him to be securely seated and eliminate the need to move unguided weights. The doctors described the equipment as a medical necessity.

There is no dispute that HACLA was required to reasonably accommodate Appellant's disability. The agency's reason for denying a particular accommodation and the reasonableness of a particular accommodation are material questions of fact which turn "on the individual circumstances of each case." *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002) (citation omitted); *see Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1176–77 (9th Cir. 1998). In this case, Mr. Mengistu produced sufficient medical documentation to defeat HACLA's motion for summary judgment. Given the unique constraints on Mr. Mengistu's ability to access external health facilities, a jury could reasonably find

that Mr. Mengistu's requested accommodation was reasonable and HACLA's denial was not based on a failure to certify the need for the equipment.

The district court, however, dismissed the action on the ground that Mr. Mengistu had not sufficiently demonstrated a nexus between the disability and the need for a third bedroom. But the district court erred in relying on *Weinreich v. Los Angeles County*, 114 F.3d 976, 978 (9th Cir. 1997). In *Weinreich*, a decade elapsed between the time the plaintiff initially offered medical evidence certifying his disability and the time the agency sought to confirm that the plaintiff was still disabled and eligible for the benefit. *See id.* The plaintiff in *Weinreich* did not provide any updated certification. We held the plaintiff ultimately failed to show his exclusion from the relevant benefit program "was due to his disability." *Id.*

Here, there was no similar need for any updated certification, as Mr. Mengistu's doctors timely responded and confirmed the need for the equipment. Mr. Mengistu requested the third bedroom in November of 2014. After Mr. Mengistu received notice that his request failed to list the equipment, and after HACLA's Manuel Canela spoke with Dr. Kaszubowski on the phone on January 12, 2015, Doctors Kaszubowski and Gurevitch each submitted letters in February of 2015 stating the listed equipment was a medical necessity. HACLA nevertheless denied the request. This Court has emphasized that "[a] public

4

agency may require reasonable evidence of a disability before providing accommodations," but an agency "may not, however, insist on data supporting a claim of disability beyond that which would satisfy a reasonable expert in the field." *Vinson*, 288 F.3d at 1153. A reasonable jury could conclude that the requested accommodation was reasonable and that the agency denied Mr. Mengistu's request solely because it chose to disregard his medical evidence, and not because of any stale documentation.

The doubts expressed by our dissenting colleague are to be resolved by the jury. Because Mr. Mengistu has raised material questions of fact surrounding the reasonableness of his requested accommodation and HACLA's reasons for denying it, HACLA is not entitled to summary judgment on this disputed record.

**REVERSED AND REMANDED.**

*Mengistu v. HACLA*, No. 16-56591

M. SMITH, Circuit Judge, dissenting:

A disabled plaintiff is entitled to a housing accommodation only if the accommodation "both 'may be necessary to afford [him] equal opportunity to use and enjoy a dwelling' and [is] 'reasonable' within the meaning of that statute." *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1155 (9th Cir. 2003) (first alteration in original) (quoting 42 U.S.C. § 3604(f)(3)(B)). Here, Mengistu sought a voucher for a third bedroom to store oversized exercise equipment. After Mengistu's doctors submitted letters stating that Mengistu's requested machines were medically necessary, HACLA sought to verify his eligibility for the voucher, as it was entitled to do. *Cf. Weinreich v. L.A. Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978–79 (9th Cir. 1997) (affirming that a program's certification requirement did not violate the ADA and he was not excluded from the program based on his disability, but based on his failure to provide updated certification on his disability). During this verification process, one doctor acknowledged that the listed machines were not actually medically necessary, and indicated that he had signed the letter only because he believed that the equipment "might give [Mengistu] added motivation to actually attempt to exercise and improve his condition." Further, both doctors admitted that Mengistu, not the doctors, had

found the equipment and could have stayed active without it, which would have rendered a third bedroom for the equipment unnecessary.

Because the third bedroom was not necessary to afford him an equal opportunity to use and enjoy a dwelling, Mengistu was not entitled to a three-bedroom voucher and the district court did not err in granting summary judgment in favor of Defendant-Appellee. For this reason, I respectfully dissent.