NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS DEWEY EASTON, Plaintiff-Appellant, v. KRISTOPHER G. KYES, individually and in his official capacity as DMV/Medical Programs Coordinator; OREGON DEPARTMENT OF TRANSPORTATION, DMV, Defendants-Appellees. and ROBERT WILKIE*, in his official capacity as the Secretary of the U.S. Department of Veterans Affairs; CAROLINE M. HOWELL, FNP, individually and in her official capacity as employee of Veterans Affairs Clinic Eugene, Oregon, Defendants. | No. 19-35699 D.C. No. 6:18-cv-00233-AA MEMORANDUM** |

Appeal from the United States District Court
for the District of Oregon

---

\*      Robert Wilkie has been substituted for his predecessor, David J. Shulkin, as Secretary of Veterans Affairs under Fed. R. App. P. 43(c)(2).

\*\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Ann L. Aiken, District Judge, Presiding

Submitted August 5, 2020[***]

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Thomas Dewey Easton appeals pro se from the district court's judgment dismissing his action brought under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") alleging claims arising from the suspension of his driver's license. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and questions of sovereign immunity. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006). We affirm.

The district court properly dismissed Easton's claims in his first amended complaint against defendant Oregon Department of Transportation, DMV and defendant Kyes in his official capacity on the basis of sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (holding that Congress did not abrogate state sovereign immunity in enacting § 1983; "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465

***     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

U.S. 89, 99 (1984) (states must unequivocally express consent to waive sovereign immunity). Because the district court properly dismissed these claims, the district court properly denied Easton's motion for partial summary judgment.

The district court properly dismissed Easton's claims in his first amended complaint against defendant Kyes in his individual capacity because Easton failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Mackey v. Montrym*, 443 U.S. 1, 17-19 (1979) (summary suspension of driver's license with provision for post-deprivation administrative hearing satisfied due process); *Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012) (elements of a § 1983 claim); *Philbert v. Kluser*, 385 P.3d 1038, 1041-1042 (Or. 2016) (requirements of a negligent infliction of emotion distress claim under Oregon law); *Babick v. Or. Arena Corp.*, 40 P.3d 1059, 1063 (Or. 2002) (requirements of an intentional infliction of emotional distress claim under Oregon law).

The district court properly dismissed Easton's ADA claims in his second amended complaint because Easton failed to allege facts sufficient to show that defendants discriminated or retaliated against him because of his disability. *See T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir.

2015) (but-for causation standard applies to retaliation claims under the ADA); *Weinreich v. L.A. Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (under Title II of ADA, a plaintiff must allege discrimination by reason of his or her disability).

We reject as without merit Easton's contention that he did not have a chance to confront witnesses at his state hearing.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**